to a passenger, "meals and berth included," is to be construed to raise an implied contract that the food should be wholesome and fit for consumption.

3. PLEADING, § 434*—*what is effect of allegation under a videlicet.* Where an allegation in a declaration is made under a *videlicet,* the date is immaterial.

4. APPEAL AND ERROR, § 1526*—*when instruction harmless.* An instruction which inaccurately states the date when the contract sued upon was made, as a result of a similarly inaccurate allegation in the declaration, under a *videlicet,* though ordinarily reversible error, becomes harmless where the evidence will sustain no other verdict.

---

# D. H. Gilbert, Defendant in Error, v. Chicago & Alton Railroad Company, Plaintiff in Error.

## Gen. No. 20,691.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and judgment here. Opinion filed October 5, 1915. Rehearing denied October 13, 1915.

## Statement of the Case.

Action by D. H. Gilbert, plaintiff, against the Chicago & Alton Railroad Company, defendant, in the Municipal Court of Chicago, to recover for loss due to the nondelivery of a consignment of watermelons. To reverse a judgment for plaintiff for one hundred and fifty dollars, which disallowed defendant's claim of set-off, defendant prosecutes this writ of error.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; SILAS H. STRAWN and FRANK H. TOWNER, of counsel.

STEWART REED BROWN, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CXCIV 31.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 81*—*when notice of arrival of goods sent in apt time.* Evidence that a carrier on July 6th mailed a notice to plaintiff, informing him of the arrival at 10 p. m. on July 4th of a carload of watermelons consigned to him, which notice was followed by another, of similar purport, mailed July 8th, and that both notices were sent to the address given in the bill of lading, as that of consignee, *held* such evidence of reasonable diligence on the part of defendant as to rebut an inference of negligence, it appearing that July 5th was a holiday, in consequence of which defendant's office was closed all day.

2. CARRIERS, § 160*—*when limitations in bill of lading control.* In an action by a consignee against a carrier to recover for loss due to the nondelivery of a shipment, where it appears that defendant used due diligence to notify plaintiff of the arrival of the shipment, limitations upon the carrier's liability contained in the bill of lading govern the transaction, for the reason that in such case the loss is due to the failure of plaintiff to furnish defendant with a proper address, or failure of plaintiff to respond to the notices received, and not to the negligence of defendant.

3. CARRIERS, § 210*—*when sale of goods proper.* Where defendant, a common carrier, received at Kansas City, Missouri, at 10 p. m. on July 4th, a shipment of watermelons consigned to plaintiff at that place, under a bill of lading providing that the carrier may, at any time during shipment, or after tender of delivery, sell the shipment to protect the interest of the owner or the transportation charges, *held* that a sale on July 12th, under the circumstances, was warranted by the bill of lading, it appearing that defendant had used due diligence in making tender of delivery prior to the sale, and that the temperature during the period from July 5th to July 12th ranged from 63 to 93 degrees.

4. CARRIERS, § 210*—*application of proceeds of sale.* In an action against a carrier by a consignee to recover for loss due to the nondelivery of a consignment, where, under the circumstances, the bill of lading justifies a sale of the shipment by the carrier, and such sale is made, the carrier may apply the net amount received from such sale to the payment of its freight and demurrage charges, and if the net amount received from such sale is insufficient to pay such charges, defendant may recover in set-off the amount of the deficiency.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.